**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Ramon Milanes, | |
| Plaintiff, | **1:23-cv-11311 (SDA)** |
| -against- | **ORDER** |
| General Holding, LLC, et al., | |
| Defendants. | |

**STEWART D. AARON, United States Magistrate Judge:**

This case contains one or more claims arising under the Fair Labor Standards Act. A settlement was reached by the parties at a settlement conference before the undersigned on April 22, 2026. The parties thereafter consented to have all proceedings held before me. (Consent, ECF No. 66.) On April 29, 2026, the Court entered an Order directing the parties to provide a copy of the settlement agreement to the Court together with a letter explaining why the settlement, including any provision for attorneys' fees and costs, is fair, reasonable and adequate under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). (*See* 4/29/26 Order, ECF No. 67.) On June 24, 2026, the parties filed a motion for settlement approval. (Mot. for Approval, ECF No. 74.)

Having reviewed the settlement, the Court finds that the total settlement amount is fair and reasonable, given both the nature and scope of Plaintiff's claims as well as the risks and expenses involved in additional litigation. *See Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). However, two issues must be addressed by the parties before the Court can approve the settlement. First, Plaintiff seeks approval of $1,730.50 in expenses and $12,628.60 in attorneys' fees, which the parties contend is one-third of the net settlement

amount. (Mot. for Approval, at 5-6.) However, the expense invoices submitted by the parties appear to total $1605 in expenses,[1] not $1,730.50. (*See* Invoices, ECF No. 74-5.) Moreover, even if the $1,7350 is correct, one third of the settlement amount after expenses appears to be $12,756.17, not $12,628.60. The parties must explain these discrepancies or submit revised calculations.

Second, the Court finds that, while the release set forth in paragraph 4(a) of the Settlement Agreement is acceptable, the release set forth in paragraph 4(b), which is a general release that appears to contradict paragraph 4(a) and is one-sided, is not. (*See* Settlement Agmt., ECF No. 74-1, at 6-7.) "Courts in this District routinely reject non-mutual releases that only protect defendants." *Espinoza v. Westside Supermarket LLC*, No. 21-CV-08368 (GS), 2024 WL 2291760, at *3 (S.D.N.Y. May 20, 2024) (quoting *Rodriguez v. Taco Mix II, LLC*, No. 21-CV-03644 (ER), 2022 WL 1227732, at *3 (S.D.N.Y. Apr. 22, 2022)). Subject to clarification of the calculation of costs and attorneys' fees, as set forth above, the Court is amenable to striking paragraph 4(b) of the Settlement Agreement rather than necessitating the submission of a new agreement.

Thus, it is hereby Ordered that, no later than July 9, 2026, the parties shall file a joint letter addressing these two issues. If necessary, the parties also shall file a revised agreement.

**SO ORDERED.**

Dated:    New York, New York
          June 25, 2026

_____
STEWART D. AARON
United States Magistrate Judge

---

[1] These expenses include the filing fee of $405 (Invoices, at PDF p. 2) and what appear to be service costs in the amount $550, paid on February 9, 2024 (*id.* at PDF pp. 2-12), and an additional $640 in costs from April 29, 2024. (*Id.* at PDF pp. 13-15.)